UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN SHOEMAKER,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>   Defendant. | No. 2:19-cv-01230 CKD<br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. (ECF No. 17.) Plaintiff seeks fees in the amount of $8,167.52 based on 34.9 hours of attorney time (at the rate of $205.25 per hour) and 7.9 hours of paralegal time (at the rate of $125.00 per hour). No opposition to the motion has been filed.

   A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the

1    matter was remanded under sentence four for further development and analysis of the record
2    pursuant to the stipulation of the parties and order of the court. ECF No. 15. Plaintiff thus is
3    entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds
4    that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562,
5    568-69 (9th Cir. 1995).

6    The burden of establishing substantial justification is on the government. Gutierrez v.
7    Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the
8    Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that
9    is, justified to a degree that could satisfy a reasonable person. That is no different from the
10   'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast
11   majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does
12   not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930
13   F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d
14   1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

15   In determining substantial justification, the court reviews both the underlying
16   governmental action being defended in the litigation and the positions taken by the government in
17   the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other
18   grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action
19   was not substantially justified, it is unnecessary to determine whether the government's litigation
20   position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

21   Here, defendant stipulated to remand of this action to provide plaintiff an opportunity for a
22   new hearing, allowing the Administrative Law Judge to reconsider the claimant's subjective
23   complaints; reconsider the claimant's residual functional capacity and Dr. West's opinion; if
24   necessary, obtain supplemental evidence from a vocational expert; and issue a new decision.
25   ECF No. 15. Defendant has filed no opposition to the request for attorneys' fees. Under these
26   circumstances, the court finds that the position of the United States was not substantially justified.
27   Fees under the EAJA will therefore be awarded.
28   ////

B. Reasonable Fee

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Plaintiff here obtained a stipulated remand to correct a multitude of errors. With respect to plaintiff's counsel's time reviewing the transcript, briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of hours, the court has determined the hours claimed are reasonable. See ECF No. 17 at 11-12. The rate claimed is also reasonable. Plaintiff will therefore be awarded the full amount requested. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $8,167.52.

Dated: May 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/shoemaker1230.eaja.no-oppo